IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN QUICK,

    Plaintiff,

v.                                                                                  Case No.:  19 CV 444

LANCASTER FAMILY MEDICAL CENTER, SC

    Defendant.

---

## COMPLAINT

---

NOW COMES THE PLAINTIFF, Brian Quick, by his attorneys Gingras, Cates & Wachs, by Paul A. Kinne, and hereby states and alleges the following as his Complaint in the above referenced matter.

### NATURE OF THE PROCEEDINGS

1. This action is brought to redress the harm done to Brian Quick on account of Family Medical Center's unlawful acts directed at Quick in retaliation for his actions in furtherance of disclosing a potential violation of the False Claims Act.

### JURISDICTION AND VENUE

2. Jurisdiction lies in this Court pursuant to 28 U.S.C. §§1331, 1345 and 31 U.S.C. §3730(h).

3. Venue is proper in the United States District Court, Western District of Wisconsin pursuant to 28 U.S.C. § 1391 because the defendant is subject to personal jurisdiction in the Western District of Wisconsin because its principal place of business is within the Western District.

**PARTIES**

4. Brian Quick (Quick) is a resident of the State of Wisconsin. He was formerly employed by Family Medical Center.

5. Lancaster Family Medical Center, SC (Family Medical Center) is a medical center operating in Lancaster, Wisconsin. It is owned and operated by Dr. Robert Stader.

**FACTUAL ALLEGATIONS**

6. In 2007, Quick began working for Family Medical Center as a physician's assistant.

7. Also as early as 2015, Family Medical Center, with Stader's knowledge and / or at his direction, fraudulently billed Medicare for care neither Stader nor anyone at his clinic rendered, which is a violation of the False Claims Act.

8. In or about late 2017, an employee from Family Medical Center informed the federal authorities that Stader and Family Medical Center were engaging in fraudulent billing.

9. By or before late 2017, Quick was aware of the conduct in violation of the False Claims Act.

10. In the autumn, 2017, and for a period thereafter, Quick was considering purchasing Family Medical Center.

11. In late 2017 and thereafter, Quick informed Stader that his billing practices were fraudulent and that he needed to end the practice.

12. Over the course of 2017 and 2018, Stader repeatedly voiced his frustration over the fact that someone had filed a complaint over the billing issue.

13. In March, 2018, upon information and belief, Family Medical Center repaid at least some of the fraudulently acquired funds.

14. Stader frequently associated Quick with a group of employees he believed to be "disloyal." Based on the fact that Quick raised complaints to him about the fraudulent billing, he believed that Quick was one of the employees behind filing the complaint with the government over the fraudulent billing.

15. On June 28, 2018, Stader terminated Quick.

16. This termination caused Quick economic harm.

## CAUSE OF ACTION – VIOLATION OF THE FALSE CLAIMS ACT -- RETALIATION

17. Plaintiff hereby incorporates the foregoing paragraphs as if set forth fully herein.

18. By engaging in the conduct described in the complaint, Quick's activity was protected under the False Claims Act.

19. Stader knew of Quick's protected activity prior to June 28, 2018.

20. Stader / Family Medical Center terminated Quick because he engaged in protected activity.

21. Family Medical Center acted willfully and with malicious intent when it fired Quick.

22. The termination caused Quick severe and permanent economic harm.

WHEREFORE, the Plaintiff requests the following relief:

a. An award of lost back pay and the dollar value of lost benefits in an amount sufficient to make Quick completely whole.

b. A penalty paid by Family Medical Center to Quick in an amount equal to the ` value of his lost back pay and benefits;

c. Reinstatement to his position with Family Medical Center;

d. An award of his attorneys fees and costs incurred related to this action; and

  e. Any other relief the Court deems just to award.

## JURY DEMAND

The plaintiff respectfully requests that this matter be tried before a jury of six (6) competent persons.

Dated this 31st day of May, 2019.

                **s/ Paul A. Kinne**
                Attorney Paul A. Kinne
                State Bar No. 1021493
                Gingras, Cates & Wachs
                8150 Excelsior Drive
                Madison, WI 53717
                Telephone: 608-833-2632
                Fax: 608-833-2874
                kinne@gcwlawyers.com